MICHAEL J. STORTZ (SBN 139386)
michael.stortz@dbr.com
MATTHEW J. ADLER (SBN 273147)
matthew.adler@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105-2235
Telephone:    (415) 591-7500
Facsimile:    (415) 591-7510

MICHAEL W. MCTIGUE JR.*
michael.mctigue@dbr.com
MEREDITH C. SLAWE*
meredith.slawe@dbr.com
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Telephone:    (215) 988-2700
Facsimile:    (215) 988-2757

Attorneys for Defendant
COMCAST CORPORATION
* *pro hac vice* to be sought

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JEFF LINGLE,

               Plaintiff,

v.

COMCAST CORPORATION,

               Defendant.

Case No. _____

**DEFENDANT COMCAST CORPORATION'S NOTICE OF REMOVAL**

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT COMCAST CORPORATION'S NOTICE
OF REMOVAL

CASE NO. _____

**NOTICE TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Comcast Corporation ("Comcast") hereby removes this action from the Superior Court of California, Placer County, to the United States District Court for the Eastern District of California. In support of this removal, Comcast states as follows:

**I.**

**JURISDICTIONAL STATEMENT**

1.      Plaintiff Jeff Lingle ("Plaintiff") commenced this action by filing a Complaint against Comcast on January 24, 2017 in the Superior Court of California, Placer County, styled as *Jeff Lingle v. Comcast Corporation*, Case No. MCV0066938. *See* Compl. (attached as part of Exhibit A).

2.      Plaintiff purportedly served the Complaint on Comcast on January 26, 2017.

3.      Plaintiff's Complaint asserts two causes of action: (1) a federal claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; and (2) a state law claim under California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788–1788.33.

4.      This Court has original, federal question jurisdiction over this action because Plaintiff's claim under the TCPA arises under a federal statute. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386–87 (2012) ("Nothing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal-question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331.").

5.      This Court has supplemental jurisdiction over Plaintiff's related claim under the RFDCPA, which is based on the same alleged conduct. 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within

DEFENDANT COMCAST CORPORATION'S NOTICE
OF REMOVAL

- 2 -

CASE NO. _____

1  such original jurisdiction that they form part of the same case or controversy under Article III of

2  the United States Constitution.").

3        6.     Because this Court has original jurisdiction over this action, Comcast may remove

4  this action to federal court.  28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of

5  which the district courts of the United States have original jurisdiction, may be removed by the

6  defendant . . . to the district court of the United States for the district and division embracing the

7  place where such action is pending.").

8  **II.**

9  **PROCEDURAL STATEMENT**

10  **A.**    **Timeliness**

11        7.     Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a),

12  Comcast has timely filed this Notice of Removal within thirty (30) days of Plaintiff's purported

13  service of the Complaint.

14  **B.**    **Consent**

15        8.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), the only named defendant is Comcast, and

16  thus there are no other defendants to join in or consent to this removal.

17  **C.**    **District**

18        9.     Comcast may remove this action to the Eastern District of California pursuant to

19  28 U.S.C. § 1441(a) because this Court embraces the Superior Court of California, Placer County,

20  where the action was commenced.

21  **D.**    **Attachments**

22        10.    Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and any other process,

23  pleadings and orders served upon Comcast as of the date of this Notice of Removal are attached

24  hereto as Exhibit A.

25  **E.**    **Notices**

26        11.    Pursuant to 28 U.S.C. § 1446(d), Comcast will promptly file a copy of this Notice

27  of Removal in Placer County Superior Court and will serve Plaintiff with written notice of its

28  filing.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT COMCAST CORPORATION'S NOTICE
OF REMOVAL      - 3 -      CASE NO. _____

**F.**     **Defenses**

12.     By removing this action to this Court, Comcast does not waive any defenses that are available to it under state or federal law.  Comcast expressly reserves the right to require that Plaintiff's claims be decided through individual arbitration, and to move to dismiss or for summary judgment pursuant to Federal Rules of Civil Procedure 12 and 56.

**WHEREFORE**, Comcast respectfully removes this action from the Superior Court of California, Placer County to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

Dated: February 27, 2017                    DRINKER BIDDLE & REATH LLP


By: /s/ Michael J. Stortz
     Michael J. Stortz
     Matthew J. Adler

Attorneys for Defendant
COMCAST CORPORATION

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT COMCAST CORPORATION'S NOTICE
OF REMOVAL                    - 4 -                    CASE NO. _____

# EXHIBIT A

CT Corporation

**Service of Process Transmittal**
01/26/2017
CT Log Number 530583012

TO:     Rosemarie Pierce
        Comcast Corporation
        1701 John F. Kennedy Blvd, One Comcast Center - 50th Floor
        Philadelphia, PA 19103

RE:     **Process Served in California**

FOR:    Comcast Corporation  (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jeff Lingle, Pltf. vs. Comcast Corporation, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Instructions |
| **COURT/AGENCY:** | Placer County - Superior Court - Roseville, CA<br>Case # MCV0066938 |
| **NATURE OF ACTION:** | Violation of rosenthel fair debt collection practices acts |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/26/2017 at 13:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Todd M. Friedman<br>Law Offices of Todd M. Friedman, P.C.<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>877-206-4741 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/27/2017, Expected Purge Date: 02/01/2017<br><br>Image SOP |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / MP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# COPY

SUM-100

# SUMMONS
## (CITACION JUDICIAL)  BY FAX

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

# FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

**JAN 24 2017**

JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By  C. Lester, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COMCAST CORPORATION; and DOES 1 -- 10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JEFF LINGLE,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: Sanucci Justice Center Courthouse<br>*(El nombre y dirección de la corte es):*<br>10820 Justice Center Drive<br>Roseville, CA 95678 | **CASE NUMBER:**<br>*(Número del Caso):*<br>MCV0056938 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780  Woodland Hills, CA 91367, 877-206-4741

| DATE:<br>*(Fecha)* | JAN 2017 | Clerk, by<br>*(Secretario)* | C. Lester | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

COPY

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):  **COMCAST CORPORATION**

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
    ☐ other (specify):

4. ☒ by personal delivery on (date):  1-26-17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

[American LegalNet, Inc.]

COPY

1  Todd M. Friedman (216752)
2  Adrian R. Bacon (280332)
   Law Offices of Todd M. Friedman, P.C.
3  21550 Oxnard St., Suite 780
   Woodland Hills, CA 91367
4  Phone: 877-206-4741
5  Fax: 866-633-0228
   tfriedman@toddflaw.com
6  abacon@toddflaw.com
   Attorneys for Plaintiff
7

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

JAN 24 2017

JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By C Lester, Deputy

8        SUPERIOR COURT OF THE STATE OF CALIFORNIA
9              FOR THE COUNTY OF PLACER
                 LIMITED JURISDICTION
10

11  JEFF LINGLE,                      )  Case No.  MCV0066938
                                      )
12  Plaintiff,                        )  COMPLAINT
                                      )  (Amount not to exceed $10,000)
13                                    )
    vs.                               )    1.  Violation of Rosenthal Fair Debt
14                                    )        Collection Practices Act
    COMCAST CORPORATION; and DOES 1   )    2.  Violation of Telephone Consumer
15  – 10 inclusive,                   )        Protection Act
                                      )
16  Defendant.                        )  JURY DEMANDED
17                                    )

18                        I. INTRODUCTION

19      1.     This is an action for damages brought by an individual consumer for Defendant's

20  violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, et seq.

21  (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive,

22  and unfair practices.   Ancillary to the claims above, Plaintiff further alleges claims for

23  Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, et seq.

24  (hereinafter "TCPA").

25                          II. PARTIES

26      2.     Plaintiff, JEFF LINGLE ("Plaintiff"), is a natural person residing in Placer County

27  in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).  Plaintiff is

28  a "person" as defined by 47 U.S.C. § 153(39).

3.     At all relevant times herein, Defendant, COMCAST CORPORATION ("Defendant"), is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

4.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

6.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7.     Starting in or around March of 2016, Defendant called Plaintiff's cell phone ending in -0747 numerous times. Defendant made multiple calls to Plaintiff from Defendant's phone number (800) 266-2278. Defendant's calls were excessive and harassing to Plaintiff.

8.     Defendant's calls were made to Plaintiff in connection with collection on an alleged debt.

9.     Plaintiff revoked any consent that Defendant may have had to call Plaintiff in connection with collection of the alleged debt in one of Defendant's initial calls.

10.    Despite this, Defendant continued to call Plaintiff, thereby causing her to feel harassed, anxious, and annoyed.

11.    As a result of Defendant's actions, Plaintiff have retained counsel.  Plaintiff's counsel sent a notice of representation on or about July 28, 2016. Defendant has failed to respond to that letter at this time.

12.    Defendant also used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

13.    Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14.    Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

15.    §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

16.    Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d));

    b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e));

    c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (15 U.S.C. § 1692d(5));

d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (15 U.S.C. § 1692c(a)(1)) ; and

e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (15 U.S.C. § 1692d)).

17. Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

18. As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

<b>COUNT I: VIOLATION OF ROSENTHAL<br>FAIR DEBT COLLECTION PRACTICES ACT</b>

19. Plaintiff reincorporates by reference all of the preceding paragraphs.

20. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

<b>PRAYER FOR RELIEF</b>

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees;
D. For such other and further relief as may be just and proper.

<b>COUNT II: VIOLATION OF TELEPHONE<br>CONSUMER PROTECTION ACT</b>

21. Plaintiff incorporates by reference all of the preceding paragraphs.

Complaint - 4

22.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*.

23.     As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

24.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*.

25.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

26.     Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B);

B. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to   and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C); and

C. Any and all other relief that the Court deems just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 23rd day of January, 2017.

By:     _____
        Todd M. Friedman, Esq.
        Law Offices of Todd M. Friedman, P.C.
        Attorney for Plaintiff

COPY

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Todd M. Friedman, Esq. SBN 216752
Law Offices of Todd M. Friedman
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
TELEPHONE NO.: 877-206-4741   FAX NO.: 866-633-0228
ATTORNEY FOR (Name): Plaintiff, JEFF LINGLE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Placer
STREET ADDRESS: 10820 Justice Center Drive
MAILING ADDRESS: 10820 Justice Center Drive
CITY AND ZIP CODE: Roseville, 95678
BRANCH NAME: Santucci Justice Center Courthouse

CASE NAME:
JEFF LINGLE v. COMCAST CORPORATION

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

JAN 24 2017

JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By  C. Lester, Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: MCV0066938 |
|---|---|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) | ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☑ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 23, 2017
Todd M. Friedman
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
            *or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
        *domain, landlord/tenant, or*
        *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-*
        *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

# Superior Court of the State of California
## In and For The County of Placer

CASE NO. **C V 0 0 6 6 9 3 8**

## A CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED:

DATE:   May 23, 2017
TIME:   ☐ 10:00 A.M. If your case number starts with "S-CV"
        ☐ 10:30 A.M. If your case number starts with "S-CV" and is deemed Complex
        ☒ 11:00 A.M. If your case number starts with "M-CV"
DEPT:   40 - 10820 Justice Center Drive, Roseville, California

## IF YOU DO NOT HAVE AN ATTORNEY, READ THIS:

The judge does **not** decide whether you win or lose your case at this court date. If you do not file an "Answer," or other "responsive pleading," you will automatically lose this case, usually before this court date. The Answer or responsive pleading must be given to the court clerk within 30 days of the day you received the Summons, along with a filing fee or application for waiver of court fees.

You can get free help filling out your Answer or responsive pleading at the court's Legal Help Center. For more information or to schedule an appointment, go to the court's website at www.placer.courts.ca.gov and select "Legal Help Center."

## INFORMATION ABOUT CASE MANAGEMENT CONFERENCES:

15 calendar days before the Case Management Conference, you must file and serve a completed Case Management Statement (CM-110).

You do not need to come to court for the first Case Management Conference. You can see the court's proposed orders 12 calendar days before the Case Management Conference on the court's website, www.placer.courts.ca.gov. Select "Tentative Rulings and Calendar Notes," then "Civil Case Management Conference." If you do not have Internet access, call the court at 916-408-6000 to get the information.

**The court does not provide a court reporter** at Case Management Conferences or Law & Motion hearings. If you want the proceedings reported, you must provide your own court reporter at your own expense.

IF YOU WANT TO APPEAR BY TELEPHONE, you must schedule your telephonic appearance through the court's website, www.placer.courts.ca.gov. Select "Telephonic Appearance System." For more information on the telephonic appearance system, please visit our "How to" guide on the website. YOU MUST PAY ONLINE TO USE THIS SERVICE UNLESS YOU HAVE BEEN GRANTED A FEE WAIVER BY THE COURT.

Superior Court of California  County of Placer
Form No. PL-CV001
Effective 09-18 2014
www.placer.courts.ca.gov

## PROOF OF SERVICE

1

2      I, LEE ANN L. ALLDRIDGE, declare that:

3      I am at least 18 years of age, and not a party to the above-entitled action. My business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105,

4      Telephone: (415) 591-7500.  On February 27, 2017, I caused to be served the following document(s):

5

6      **DEFENDANT COMCAST CORPORATION'S NOTICE OF REMOVAL**

7

| | |
|---|---|
| ☑ | BY MAIL:  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California to the address(es) set forth below: |
| ☐ | BY PERSONAL SERVICE:  I caused such envelopes to be delivered by a messenger service by hand to the address(es) as set forth below: |
| ☐ | BY E-MAIL: I caused such documents to be transmitted by e-mail to the following e-mail address(es) as set forth below: |
| ☐ | BY OVERNIGHT DELIVERY:  I enclosed a true copy of said document(s) in a Federal Express envelope to the address(es) set forth below: |
| ☐ | BY FACSIMILE:  I caused such documents to be transmitted by facsimile transmission to the following facsimile number(s) as set forth below: |

| | |
|---|---|
| Todd M. Friedman<br>Adrian R. Bacon<br>Law Offices of Todd M. Friedman, P.C.<br>21550 Oxnard Street, Ste 780<br>Woodland Hills, CA 91367<br>Telephone:  (877) 206-4741<br>Facsimile:   (866) 633-0228<br>tfriedman@toddflaw.com<br>abacon@toddflaw.com<br><br>**Attorneys for Plaintiff** | |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.  Executed on February 27, 2017 at San Francisco, California.

_____
LEE ANN L. ALLDRIDGE